IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSE GONZALEZ-RIVERA, :
:
      Petitioner :
:
    v. : CIVIL ACTION NO. 3:CV-09-1341
: (JUDGE KOSIK)
RONNIE HOLT, :
:
      Respondent :

FILED
SCRANTON
JUL 3 1 2009
PER _____
DEPUTY CLERK

## MEMORANDUM

Before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by petitioner on July 13, 2009. For the reasons which follow, the petition will be dismissed.

## BACKGROUND

Petitioner Jose Gonzalez-Rivera, an inmate presently confined at the United States Penitentiary Canaan, Waymart, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Along with his petition, petitioner filed an application to proceed in forma pauperis, which will be granted for the sole purpose of filing this action. Named as Respondents are Ronnie Holt, Warden at USP-Canaan and the Bureau of Prisons (BOP).

In his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, petitioner raises two grounds. First, petitioner argues that:

    The Bureau of Prisons (Staff) has taken money from my prison

> (account) without the Judicial Authorization as this function is strickly (sic) for the court to decide how much and when monies should be removed from my account.

As his second ground, petitioner argues:

> Petitioner states that this matter should be transfered (sic) back to the original sentencing court for disposition so the petitioner can litigate a proper judgment rather than one that is void.

In his request for relief, petitioner requests this court to compel the B.O.P. to return all funds illegally extracted from his inmate prison account as the result of the erroneous judgment of commitment and the B.O.P. overstepping their authority. The petitioner also wants this action transferred to the United States District Court for the Eastern District of Pennsylvania so that he can be resentenced in accordance with 18 U.S.C. § 3553(a).

## DISCUSSION

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts. 28 U.S.C. § 2254 (1977).[1] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in

---

[1] While subdivision (a) of Rule 1 addresses applications brought under 28 U.S.C. § 2254, subdivision (b) provides that the rules may be applied in § 2241 actions at the discretion of the United States District Court. This Court has long found Rule 4 applicable to habeas proceedings brought under § 2241, e.g., Heath v. Bell, 448 F.Supp. 416, 417 (M.D. Pa. 1977); Pratt v. Pugh, Civ. No. 3:CV-03-1717, Memorandum Opinion at 3, n.2 (M.D. Pa. June 2, 2004) (Vanaskie, C.J.), and there is no sound reason not to apply Rule 4 in this case.

relevant part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the Judge must dismiss the petition and direct the clerk to notify the petitioner.

As to the petitioner's first ground, challenging the removal of funds from his account by the Bureau of Prisons to satisfy a fine imposed by the Court, we find no merit. Attached to the petition is a document supporting the petition wherein petitioner expands upon his arguments. In addressing his first ground for relief, the petitioner provides the following excerpt that purportedly occurred at his resentencing:

Petitioner contends that during the re-sentencing of this petitioner the government advanced an argument relating to this petitioner's fine.

> Mr. Schwartz: Your honor, because it is not a life sentence, you would be required to impose supervise release of at least five years, <u>and, although the defendant has no assets to pay a fine in the guideline range, the Government would suggest a minimal fine that could be paid out of the – working at the federal prison during the course of the remainder of his sentence. (Sen. Tr. pg-44)</u>

Petitioner asserts that the court subsequently went on and erroneously delegated the setting of the installment plans to the Bureau of Prisons:

> The Court: . . .A fine is imposed of $750. The court finds the defendant has the wherewithal to earn that money in prison work programs, and that is payable immediately.

(Sen. Tr. pg. 45)

Petitioner contends that the Third Circuit in <u>United States v. Corley</u> 500 F. 3d 210 (3d

3

Cir. 2007) (Holding a restitution order which delegates to the Bureau of Prison the responsibility for determining how a defendant will pay his obligation improperly delegates a judicial function and remanded the case for re-sentencing . . .)

is controlling.

In Costigan v. Yost, 318 Fed. Appx. 58, 60 (3d Cir. 2008), the Court of Appeals for the Third Circuit draws a distinction between the imposition by the court of restitution versus the imposition by the court of a fine. As the court stated:

> . . . Costigan is not challenging that portion of the judgment pertaining to restitution. Instead, his claim is based exclusively on the sentencing court's failure to set a schedule for paying the $200 special assessment. The special assessment was mandatory under 18 U.S.C. § 3013(a)(2)(A), and was to be "collected in the manner that fines are collected in criminal cases." 18 U.S.C. § 3013(b). The Attorney General is responsible for the collection of criminal fines. See 18 U.S.C. § 3612(c). The time and method of payment is governed by 18 U.S.C. § 3572(d), which provides that "[a] person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless . . . the court provides for payment on a date certain or in installments." But, unlike with restitution, there is no provision mandating that the order for a fine or special assessment include a payment schedule in consideration of the defendant's economic circumstances. Therefore, because the sentencing court was not required to set a payment schedule for the special assessment, we will affirm the District Court's order denying Costigan's § 2241 petition. Id.

The instant action clearly involved the imposition of a fine, and not restitution. Thus, we find no merit to petitioner's argument that the district court erroneously delegated the setting of installment payments to the Bureau of Prisons.

4

In his second ground, petitioner seeks to have this matter transferred back to the original court for correction of the judgment. We note that petitioner's sentence and re-sentence occurred in the United States District Court for the Eastern District of Pennsylvania. Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241, arguing that 28 U.S.C. § 2255 would be inadequate or ineffective to obtain the correction of a fundamental defect in his sentence because the law changed after he had his opportunity to seek relief under § 2255. He asks that this court transfer the case to the sentencing court so that it could appropriately consider each of the factors in 18 U.S.C. § 3553(a).

A defendant can pursue a § 2241 petition only when he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see also United States v. Brooks, 245 F.3d 291 (3d Cir. 2001). The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)(citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002)(per curiam)). "It is the inefficacy of the remedy, not the personal inability to utilize it, that is determinative." Cradle, 290 F.3d at 538 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)). Brown v. Mendez, 167 F.Supp. 2d 723, 727 (M.D. Pa. 2001). Thus, if a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction.

5

Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In Cradle v. United States, the Third Circuit emphasized that a § 2255 motion is not inadequate or ineffective to test the legality of a federal prisoner's detention, so as to permit the prisoner to seek habeas relief pursuant to § 2241, merely because the sentencing court had denied relief, because the one-year statute of limitations had expired, or because the prisoner was unable to meet the stringent gatekeeping requirements of § 2255. Rather, the court in Cradle held that the habeas exception recognized in § 2255 was merely to make sure that petitioners had a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements. Cradle, 290 F.3d at 538-39.

As stated in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), the availability of the § 2241 remedy to challenge a federal conviction is extremely limited. Dorsainvil, 119 F.3d at 250. A prisoner can pursue habeas relief under the safety valve clause of § 2255 usually only in a situation where a subsequent statutory interpretation reveals that the prisoner's conduct is no longer criminal. See Brown, 167 F.Supp. 2d at 726-27.

Application of the above principles compels the conclusion that petitioner cannot raise his claims in the instant § 2241 petition. First, to the extent petitioner claims that § 2255 is an inadequate or ineffective remedy because the law changed after he had his opportunity to seek relief under 28 U.S.C. § 2255, we find his claim is without merit. Petitioner seems to contend that the district court did not consider all of the factors

6

enumerated in § 3553(a)(1) through (a)(7) in determining his re-sentence. Petitioner also seems to argue that the Sentencing Guidelines do not take into account all of the considerations that are now relevant to the district court's sentencing decision.

We do not believe that petitioner's claim falls within the narrow exceptions outlined in Dorsainvil, in which § 2241 relief would be available. It is not clear from the petition whether petitioner filed a previous § 2255 motion. Regardless, even if the statute of limitations has run or petitioner has filed a previous § 2255 motion, petitioner would not fall within the narrow Dorsainvil exception.

Further, although petitioner appears to maintain that he falls within the Dorsainvil exception permitting him to challenge his federal sentence via a § 2241 petition, we disagree. At no point does he maintain that he is actually innocent of the underlying criminal conduct. Rather, he clearly argues how his resulting sentence could have been different if the court considered other factors. Unlike the intervening change in law in Dorsainvil, which potentially made the crime for which the petitioner was convicted non-criminal, this petitioner's assertion does not render the crime for which he was convicted non-criminal. The entire basis of his argument speaks to the matter of sentencing factors. Because we find no basis for consideration of petitioner's second ground as a § 2241 petition, the court will dismiss the instant petition. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSE GONZALEZ-RIVERA, :
:
    Petitioner :
:
v. : CIVIL ACTION NO. 3:CV-09-1341
: (JUDGE KOSIK)
RONNIE HOLT, :
:
    Respondent :

## ORDER

NOW, THIS 31st DAY OF JULY, 2009, for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The application to proceed in forma pauperis is **GRANTED** for the sole purpose of filing this action.

2. The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED**.

3. The Clerk of Court is directed to **CLOSE** this case.

                                                 /s/ Edwin M. Kosik
                                               Edwin M. Kosik
                                               United States District Judge